IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**MICHAEL HONEA, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.     No. 4:18-cv-4807

**MOBILE DESTINATION, INC.**     **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Michael Honea ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendant Mobile Destination, Inc. ("Defendant"), he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all hourly-paid individuals employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, as a result of Defendant's failure to pay Plaintiff and other hourly-paid employees lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.   JURISDICTION AND VENUE

4. The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendant conducts business within the states of Texas, Oklahoma and Arkansas, operating as a retailer of wireless devices including phones, tablets, mobile broadband, wearable technology, accessories, and product insurance.

6. Defendant operates thirty-nine (39) store locations in Texas, Oklahoma and Arkansas.

7. Defendant operates store locations in Porter and Spring, which are located in the Houston Division of the Southern District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

8. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Plaintiff is a resident and domiciliary of the State of Arkansas.

10. Plaintiff is a current employee of Defendant.

11. Defendant is a domestic for-profit corporation, registered to do business in the State of Texas, with a principal address of 3106 Old Lufkin Road, Nacogdoches, Texas 75964.

12. Defendant's website address is http://mobiledestination.com.

13. Defendant is an authorized retailer for Verizon with thirty-nine (39) locations in Texas, Oklahoma, and Arkansas.

14. Defendant's staff offers a full range of wireless devices including phones, tablets, mobile broadband, wearable technology, accessories and product insurance.

15. Defendant operates thirty-three stores in Texas, four stores in Oklahoma, and two stores in Arkansas.

16. Defendant's registered agent for service of process is Rene Chavarria, 3511 Broadmoor, Nacogdoches, Texas 75965.

## IV.     FACTUAL ALLEGATIONS

17. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

18. In each of the three calendar years preceding the filing of the Original Complaint, Defendant had two or more employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, such as computer equipment and mobile phones.

19. At all relevant times, Defendant's gross volume of sales made or business done has exceeded $500,000.00 per year in each of the three calendar years preceding the filing of the Original Complaint.

20. Plaintiff began working for Defendant in January of 2018, as a Sales Associate in Defendant's Beebe, Arkansas, store.

21. Plaintiff was promoted to "Manager in Training" while working at Defendant's Beebe location.

22. Sometime after being promoted to Manager in Training, Plaintiff was transferred to Defendant's store in Maumelle, Arkansas.

23. As both a Sales Associate and a Manager in Training, Defendants classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

24. As both a Sales Associate and a Manager in Training, Defendants paid Plaintiff an hourly rate plus 1.5 times Plaintiff's hourly rate for all hours worked over forty per week.

25. As both a Sales Associate and a Manager in Training, in addition to Plaintiff's hourly rate, Defendants paid Plaintiff commissions based on objective and measurable sales criteria.

26. As both a Sales Associate and a Manager in Training, for at least one workweek, Defendant failed to include Plaintiff's commissions in the calculation of Plaintiff's overtime rate for weeks in which Plaintiff earned a commission and worked more than forty hours per week.

27. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

28. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other hourly employees violated the FLSA.

### V.     REPRESENTATIVE ACTION ALLEGATIONS

29. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

30. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

31. Plaintiff and other Sales Associates, Managers in Training, and other hourly workers regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

32. Plaintiff and other Sales Associates, Managers in Training, and other hourly workers were classified as hourly employees and paid an hourly rate.

33. Plaintiff and other Sales Associates, Managers in Training, and other hourly workers were paid commissions up to once per month when certain objective and measurable sales criteria were met.

34. In addition, Defendant paid Plaintiff and other hourly employees one-and-one-half (1.5) times their base hourly rate, exclusive of the non-discretionary bonus, for each hour they worked over forty (40) in a workweek.

35. However, Defendant did not include the commissions paid to Plaintiff and other hourly employees in their regular rates when calculating their overtime pay.

36. Defendant violated the FLSA by not including the commissions of Plaintiff and other hourly employees in their regular rate when calculating their overtime pay.

37. Defendant's practice of not including the commissions of Plaintiff and other hourly employees in their regular rate when calculating their overtime pay occurred at all stores.

38. The pay practices that violate the FLSA alleged herein were the same at all of Defendant's U.S. facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters in Texas.

39. At all relevant times herein, Defendant has deprived Plaintiff and all others similarly situated of a proper overtime premium for all of the hours they worked in excess of forty (40) hours in a week.

40. Plaintiff brings this FLSA claim on behalf of all hourly-paid individuals employed by Defendant at any time within the three years preceding the filing of the Original Complaint, who were paid commissions, but whose commissions were not included in their regular rate for purposes of calculating overtime.

41. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

   A. They were paid hourly rates;

   B. They recorded their time in the same manner; and

   C. They were subject to Defendant's common practice of not paying a lawful overtime premium for all hours worked over forty (40) hours per work week as described in this Complaint.

42. The employment relationships between Defendant and every proposed FLSA Collective member are the same and differ only by name, location, and rate of pay. The key issues do not vary substantially among the proposed FLSA Collective members.

43. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds 100 persons.

44. Defendant can readily identify the members of the Section 16(b) Collective contemplated by this Complaint, including their names, physical addresses, electronic mailing addresses, and telephone numbers.

## VI.     FIRST CLAIM FOR RELIEF

### (Individual Claim for Violation of the FLSA)

45. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

46. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA.

47. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

48. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29. U.S.C. § 203.

49. 29 U.S.C. § 207 requires any enterprise engaged in commerce to pay all employees one and one-half (1.5) times their regular wage for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

50. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including commissions paid to Plaintiff in his regular rate when calculating his overtime pay.

51. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half (1.5) times his regular rate of pay for all hours worked over forty (40) in each one-week period.

52. Defendant's failure to pay Plaintiff overtime wages owed was willful.

53. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable

attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

54. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

55. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

56. Plaintiff brings this collective action on behalf of all other individuals who were subject to the same pay policy as Plaintiff while employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for unpaid overtime compensation for all the hours they worked in excess of forty (40) each week.

57. Plaintiff brings this action on behalf of himself and all other hourly-paid employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

58. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

59. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiff and those similarly situated in their regular rate when calculating their overtime pay.

60. In the past three years, Defendant has employed hundreds of hourly employees.

61. Like Plaintiff, other hourly employees regularly worked more than forty (40) hours in a week.

62. Defendant failed to pay these workers at the proper overtime rate for all hours worked in excess of forty (40) hours in a week, despite their entitlement thereto.

63. Defendant's conduct and practices, as described above, have been and continue to be willful, intentional, unreasonable, arbitrary and in bad faith.

64. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

65. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Michael Honea, individually and on behalf of all others similarly situated, respectfully prays as follows:

A.   That Defendant be summoned to appear and answer this Complaint;

B.   That Defendant be required to account to Plaintiff, the collective action members and the Court for all of the hours worked by them and all monies paid to them;

C.   A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.*;

D.   Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.   Judgment for damages for all unpaid overtime compensation under the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.*;

F.   Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. § 516 et seq., in an amount equal to all unpaid overtime compensation;

G.   For a reasonable attorney's fee, costs and pre-judgment interest; and

H.   Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**MICHAEL HONEA, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

/s/ Josh Sanford
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com